VAN VALKENBURGH *vs.* THE MAYOR &c. OF THE CITY OF
NEW YORK.

The legislature, by an act passed on the 17th of April, 1860, constituted certain persons, therein named, commissioners to locate and erect, in the city of New York, a suitable building to be used as a court house, &c. with power to purchase the necessary grounds for that purpose; declared that the grounds and buildings so to be purchased and erected should be the property of the city; and required the board of supervisors of the county to levy by tax an amount not exceeding $50,000, for the purpose specified. The commissioners entered into a contract, on behalf of the city, with the plaintiff, for the purchase of a lot of land on which to erect the court house.

*Held*, on demurrer, that in the absence of any acceptance of, or assent to, the act by the corporation of New York, the commissioners were not, by force of the act, the agents of the corporation, and had no power to bind the city by their contracts.

And that for the legislature to appoint agents to purchase property for the city, and at its expense, and without its consent, was an extraordinary assumption of power, to which the court could not assent.

APPEAL from a judgment ordered at a special term, allowing a demurrer to the complaint. The legislature passed, on the 17th day of April, 1860, an act constituting certain persons, therein particularly described, a board of commis-

sioners to locate and erect, in the city of New York, a suita-
ble building to be used as a court house, &c. (*Laws of*
1860, *p.* 1003.) The commission was organized in May,
1860. On the 11th of June, 1860, the commissioners ap-
pointed James H. Welsh, —— Stewart, and Merwin N. Jones,
to select a suitable location for the building mentioned in the
act. On the 2d of July, 1860, the commissioners adopted
the report of Mr. Jones, selecting the land described in the
complaint as the site for said building. On the 14th of Sep-
tember, 1860, a contract was made and executed, between
the plaintiff and the commissioners assuming to act in behalf
of the city, for the sale by the plaintiff, and the purchase by
the commissioners, of a lot of land on which to erect a build-
ing, for the sum of $6000. There was no allegation of any
assent to the act, or acceptance thereof by the corporation.
The plaintiff alleged a readiness to perform, on his part, and
a tender of a deed to the defendants; and prayed for a spe-
cific performance of the contract.

The defendants demurred to the complaint, on the ground
that it did not state facts sufficient to constitute a cause of
action, and had judgment on their demurrer, with costs, at
special term.

The following opinion was given by the justice before whom
the argument was had at the special term.

CLERKE, J. "I think the plaintiff has mistaken his rem-
edy by suing the defendants. Although the defendants are a
public corporation, yet their rights of property are as sacred
as those of a private corporation, or of a natural person.
The legislature has no right to appoint persons to make con-
tracts for the one, any more than for the other. The defend-
ants had no agency in the purchase, or in the employment,
as agents, of the commissioners. The latter entered into a
contract with the plaintiff, for the purchase of the land,
without the concurrence, or, as far as we know, even the
knowledge of the defendants. The act of itself says nothing

of the liability of the corporation of the city of New York, for the land necessary for the contemplated building, but provides another mode of securing payment for it. So that even if the legislature have power to make contracts itself for the corporation, or to appoint agents to make contracts for it, this act would have created no liability against it.

The defendants should have judgment on the demurrer, with costs."

The plaintiff appealed to the general term.

*James M. Smith*, for the appellant. I. The legislature of a state is sovereign and supreme. It has just right and full power to do all that is not inconsistent with the restrictions placed upon it by the constitution of the state, or of the United States. Those who deny the right of the legislature to pass any particular act must *show the constitutional restriction on its power* to do so. It is not incumbent on those who claim under the act to show the power. This is presumed, until the contrary be shown. These are well settled principles of constitutional law. (*People* v. *Draper*, 25 *Barb*. 359. *S. C.* 15 *N. Y. Rep.* 543. *Rumsey* v. *People*, 19 *id*. 46.)

II. The doctrine that a charter is a contract, and that therefore the legislature may not change it so as to impair the obligation of a contract, has no reference to *municipal* corporations, created for governmental purposes. (*See* 2 *Kent*, 305.)

III. The *object* of this act was to provide for the selection, and if necessary, the purchase of land in the city, for the erection of a building for a public purpose. The city was not to be deprived of any of its property. And if the purchase from an individual was to be by virtue of the right of eminent domain, and on appraisal, the legislature had the right to delegate this power to the officers of a municipal corporation. (*Smith on Constitutional Law*, 414, 415,

*Heyward* v. *Mayor of New York,* 3 *Seld.* 314. *People* v. *Smith,* 21 *N. Y. Rep.* 595.)

IV. The agents selected, and the modes of procedure under the act, are, on general principles, entirely unexceptionable. Responsible and diversified officers are selected. The objects of the expenditure and its amount are carefully guarded. There is then no objection to this act on general principles of constitutional law, or in its objects and agencies. It results from these views, that those denying the validity of the act must show that it interferes with some vested rights of the city, which the legislature had no power to touch.

V. What, then, is there in the city charter forbidding the legislature to do what the act prescribes? It takes away no property. It does not lessen the proprietary interests of the city. It seeks to secure a public convenience. What principles of constitutional law are violated? (*See* 2 *Kent,* 305; 15 *N. Y. Rep.* 543.)

*John E. Develin,* for the respondents. I. The legislature has no power to make a contract, or to authorize others to make contracts, which shall be binding upon the defendants, without their consent. The defendants are an ancient corporation, very many years older than the government whose legislature, it is claimed, has created a debt against it; and are possessed of private property, which they hold and enjoy upon the same tenure upon which it would have been held and enjoyed in case it had been conferred upon a private individual. (*Dongan Charter,* §§ 6, 12. *Davies' Laws,* 151, 157. *Montgomerie Charter,* § 1. *Davies' Laws,* 165, 169. *Bailey* v. *Mayor,* 3 *Hill,* 531, 539. *Britton* v. *Mayor,* 21 *How.* 251. *Benson* v. *Mayor,* 10 *Barb.* 223.) As respects their private property, and its disposition, the defendants are as free from legislative control as is any private individual in the possession and enjoyment of his property. (*Hoffman's Treatise, pp.* 44, 73. *Valentine's Laws, p.* 1199. *Green* v. *Mayor,* 5 *Abb.* 505. *Atkins* v. *Randolph,* 31 *Verm.*

Van Valkenburgh *v.* Mayor &c. of New York.

*Rep.* 226.) Having thus determined the nature and extent of the defendants' property, and the tenure upon which it is held, it now becomes material to inquire in what particular and to what extent the legislature have, by the act in question, invaded or violated the rights of the defendants. If the contract set forth in the complaint constitutes a valid and binding obligation against the defendants, then there has been created against them a debt of three thousand dollars. If that contract shall ever be merged in a judgment by the successful prosecution of this action, that judgment can be enforced by the sale of sufficient of the defendants' property to liquidate its amount, and the proceeds of such sales will be paid to the plaintiff. The act, therefore, creates a debt against the defendants without their assent, and in its practical effect transfers the private funds of the defendants to the plaintiff. In each of these particulars the act violates the natural and constitutional rights of the defendants. (*Hampshire* v. *Franklin,* 16 *Mass. Rep.* 83. *Inhabitants of Medford* v. *Learned, Id.* 216. *Atkins* v. *Randolph,* 31 *Verm. R.* 1, 226. *Pittsburgh and Steubenville R. R. Co.* v. *Gazzan,* 35 *Penn. Rep.* 340. *Constitution, art.* 1, § 6. *People* v. *Haws,* 37 *Barb.* 440.)

II. Conceding the power of the legislature to bind the defendants, by the contract which the commissioners should make in pursuance of the act, yet its intention that the corporation should not be so bound is evident, from the fact that the act itself provides another mode of paying for the land which the commissioners were authorized to purchase. (*Laws of* 1860, *p.* 1004, § 2.)

III. Admitting the liability of the defendants upon the contract made by the commissioners, still the complaint is defective. It does not allege the presentment of the claim to the comptroller for payment. (*Laws of* 1860, *p.* 645, § 2.) The complaint is also defective for the reason that it does not aver performance or tender of performance on the part of the plaintiff. (*Green* v. *Reynolds,* 2 *John.* 206. *Johnson* v.

VOL. XLIII.    8

*Wygant,* 11 *Wend.* 49.   *Williams* v. *Healey,* 3 *Den.* 363
*Lester* v. *Jewett,* 1 *Kern.* 453.)

*By the Court,* GEO. G. BARNARD, J.   The legislature of the
state of New York (*Sess. L.* 1860, *ch.* 405, *p.* 1003) enacted
that certain persons therein named be constituted a board of
commissioners, "to locate and erect in the city of New York
a suitable building to be used as a court house and place of
detention of persons brought to the police court in said dis-
trict," and "the ground and buildings so to be purchased
and erected shall be the property of the city of New York."

It is also, by the act, provided that the board of super-
visors of the county of New York shall levy by tax, an
amount not exceeding $50,000.   Under this act the commis-
sioners have selected and agreed to buy of the plaintiff, for
and on behalf of the city, the lands described in the com-
plaint.   The city refuses to accept the deed, and the plaintiff
brings this action against the corporate authorities, to com-
pel a specific performance of the contract.   The defendant,
by demurrer, presents this question : Are the defendants
liable for the acts of this commission ?

If these commisioners are, by force of the act, agents of
the city, then this demurrer is not well taken, and the plain-
tiff is entitled to judgment.

The first case in our courts which I find, bearing upon
this question, is *Appleton* v. *The Water Commissioners of
New York,* (2 *Hill,* 432.)   These commissioners were ap-
pointed by the governor and senate to construct the Croton
aqueduct, for the benefit and at the expense of the city of
New York.   It was held that the water commissioners were
not liable, and that the remedy was against the city.   The
reasons for this judgment are not given.

In *Clark* v. *The Mayor &c. of New York,* (4 *Comst.* 338,)
.it was decided that the judgment for work done under a con-
tract with the Croton water commissioners, against the Mayor,

Van Valkenburgh *v.* Mayor &c. of New York.

be reversed for errors on the trial, and the question of the defendant's liability was not noticed.

In the case of *Bailey and others* v. *The Mayor &c. of New York*, (3 *Hill*, 531,) it was distinctly adjudged that the water commissioners were the agents of the city, but upon the ground that by the terms of the water commissioners' act the city had the power to accept the charter or reject it, and the common council did by resolution accept it—Mr. Justice Nelson using this language: "The acceptance was entirely voluntary; for the state could not enforce the grant upon the defendants, against their will. This would be so on general principles, (*Angell & Ames on Corporations*, 46, 50, *and cases cited;*) but here the *charter itself* left it optional with the common council to accept or not."

This last case went to the court of errors, (*The Mayor &c. of New York* v. *Bailey*, 2 *Denio*, 433,) and was affirmed; one senator only—Senator Barlow—holding the broad principle that the act of itself made the commissioners agents of the city.

I think, therefore, that the cases fail to establish the agency of the commissioners for the defendant in this case, where there was no acceptance of the act by the defendant.

It requires clear authority to warrant this claim. An agent established by law to purchase property for the defendant and at its expense and without its consent, is an extraordinary assumption of power. I can not yet assent to it.

Judgment affirmed with costs.

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Sutherland* and *Geo. G. Barnard*, Justices.]